## HENRY EPSON V. THE STATE.

*No. 7378.   Decided June 17.*

1. **Evidence—Declarations of Defendant.**—When part of an act, declaration, or conversation or writing is given in evidence by one party, the whole on the same subject may be inquired into by the other; and when a detailed act, declaration, conversation, or writing is given in evidence, any other act, declaration, or writing which is necessary to make it fully understood, or to explain the same, may also be given in evidence.

2. **Same.**—When the State proves an incriminative act of the defendant or elicits part of a conversation or declaration by him in connection therewith, the defendant is entitled to all that relates to and is explanatory of such act, conversation, or declaration. See the opinion for an illustration of this rule.

APPEAL from the District Court of Hill.   Tried below before Hon. J. M. Hall.

The opinion states the case.

No appearance for appellant.

*R. H. Harrison*, Assistant Attorney-General, for the State.

DAVIDSON, JUDGE.—Appellant was charged with and convicted of the crime of burglary.   From the house broken into were taken some knives and a pistol.   Appellant was found in possession of the pistol identified as proceeds of the burglary.   He left the pistol with one Dave Fields at J. E. Ballard's saloon.   This evidence was elicited by the State from the witness Fields.   The defendant then sought to prove by the same witness that when he left the pistol with said witness he told the witness to deliver the pistol to Ed. Coley, if he called for it, after the said Ed. Coley became sober; and it was further sought to be proved by the same witness that defendant never claimed the pistol in his presence nor sought to exercise any acts of ownership over said pistol.   The State objected to this evidence and the objection was sustained.   Defendant proved that he obtained the pistol from Ed. Coley at the railway depot.   The testimony of himself and his witnesses showed that Coley dropped the pistol on the platform at the depot and defendant picked it up and went off toward town and left it at the saloon with the witness Fields.   He testified that he left the pistol with Fields for Ed. Coley, and this is uncontradicted.   The statement made by defendant to Fields was made at the same time he left the pistol with Fields.   We think the court erred in not admitting this testimony.   Our statute provides that "when part of an act, declaration, or conversation, or writing is given in evidence by one party, the whole on the same subject may be inquired into by the other; and when a detailed act, declaration, conversation, or writing is given in evidence, any other act, declaration, or writing which is necessary to make it

fully understood or to explain the same may also be given in evidence." Code Crim. Proc., art. 751.

When the State proves an incriminative act of the defendant or elicits part of a conversation or declaration by him in connection therewith, the defendant is entitled to all that relates to and is explanatory of such act, conversation, or declaration. Massey v. The State, 1 Texas Ct. App., 563; Davis v. The State, 3 Texas Ct. App., 91; Riley v. The State, 4 Texas Ct. App., 538; Stockman v. The State, 24 Texas Ct. App., 387; Willson's Crim. Proc., sec. 2481.

For the above error in ruling out the testimony set out in the bill of exception, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

Judges all present and concurring.